

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVEL ENTERTAINMENT LLC, | No. 12-15315 |
| Plaintiff - Appellee, | D.C. No. 4:10-cv-00792-DCB |
| v. | |
| STEPHEN KIMBLE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 5, 2012

Submission vacated December 14, 2012
Resubmitted May 29, 2013

San Francisco, California

Before: O'SCANNLAIN, THOMAS and CALLAHAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Stephen Kimble appeals the district court's order granting Appellee Marvel Entertainment, LLC's ("Marvel") motion for summary judgment on his counterclaim for breach of an alleged verbal agreement. The district court found that Kimble's claim was barred by a subsequent Settlement Agreement, which was unambiguous under New York law. It accordingly did not address Marvel's arguments that the claim was also barred by the doctrine of res judicata and the applicable statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we find that the Settlement Agreement is ambiguous under New York law and that we cannot affirm the district court's decision on either of the other grounds, we vacate the district court's decision and remand for further proceedings.

I

Marvel bears the burden of proving that the Settlement Agreement discharged its obligations under the verbal agreement because its argument is essentially an accord and satisfaction affirmative defense. *See City of Amsterdam v. Daniel Goldreyer, Ltd.*, 882 F. Supp. 1273, 1279-80 (E.D.N.Y. 1995). Under New York law, we determine whether an agreement is ambiguous "by looking within the four corners of the document, not to outside sources." *Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*, 920 N.E.2d 359, 404 (N.Y. 2009).

2

"An ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement . . . ." *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010) (internal quotation marks omitted).

The Settlement Agreement included an integration clause stating that "[t]his Agreement contains the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous arrangements or understandings with respect thereto."  It also, however, included a release clause that explicitly excepted Marvel's obligations under the Settlement Agreement and its "obligations under the alleged verbal agreement."  Thus, on its face, the Settlement Agreement is ambiguous.  Contrary to Marvel's contention, Marvel's act of agreeing to the Settlement Agreement did not discharge its obligations under the verbal agreement if the Settlement Agreement, by its own terms, preserved those very obligations.

Accordingly, we vacate and remand to the district court to allow the parties an opportunity to introduce extrinsic evidence.  If "the extrinsic evidence is so one-sided that no reasonable factfinder could decide contrary to one party's interpretation," the district court may grant summary judgment to that party.  *SCS*

*Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 342 (2d Cir. 2004) (internal quotation marks and citation omitted). If, however, that is not the case, the dispute raises a question of fact that must be resolved by a jury.

## II

Marvel also contends that we should affirm the district court's decision because Kimble's claim is barred by res judicata. A settlement agreement, however, "can limit the scope of the preclusive effect of a dismissal with prejudice by its terms." *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002) (quoting *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 911 (9th Cir. 1998)). Accordingly, if the Settlement Agreement explicitly preserved Kimble's claims under the verbal agreement, res judicata would not apply, and we cannot affirm the district court's decision on this basis.

## III

Marvel further argues that we should affirm the district court's decision because Kimble's claim is barred by the statute of limitations. Under New York law, in contract cases involving a claim for the payment of a sum of money, the statute of limitations is "triggered when the party that was owed money had the right to demand payment." *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 967 N.E.2d 1187, 1191 (N.Y. 2012); *see also Sirico v. F.G.G. Prods., Inc.*, 896

4

N.Y.S.2d 61, 66 (App. Div. 2010) (indicating that a contractual right to recurring royalty payments accrues each time the obligation to pay is breached).  On the present record, it is not clear when Kimble would have had a right to demand payment under the verbal agreement.  Accordingly, it is also unclear whether his claim is barred by the statute of limitations, and we cannot affirm the district court's decision on that basis either.

**VACATED and REMANDED.**